Moss, Judge,
delivered the opinion of the court:
Plaintiff, Steacy-Schmidt Manufacturing Company, in response to advertisements by the Government for bids for furnishing machinery to defendant,, submitted bids, and deposited with the Government $2,500 as a guaranty as required by said advertisements. Defendant rejected all bids submitted by plaintiff. In January, 1925, the Comptroller General returned to plaintiff the sum of $810.00 out of the fund so deposited, and retained the sum of $2,190 on the ground that plaintiff was indebted to the Govern-' ment in that amount for liquidated damages growing out of the following transactions: approximately two years prior to the action of the Comptroller General in deducting said sum from plaintiff’s deposit, plaintiff had two contracts with the Government dated July 26 and September 1, 1922, respectively, by which it undertook to furnish the Government with certain machinery to be manufactured out of materials provided by the Government. Each of said contracts contained the following provision:
“ If any delay is caused the contractor by specific orders of the engineer to stop work, or by the performance of extra work, ordered by the engineer, or by the failure of the United States to provide material, or necessary instructions *503 for carrying on the work, or by unforeseen causes beyond the control of the contractor, such delay will entitle the contractor to an equivalent extension of time. Application for extension of time must be approved by the engineer' and shall be accompanied by the formal consent of the sureties, but an extension of time, whether with or without such consent, shall not release the sureties from their obligations, which shall remain in full force until the discharge of the contract. If delays from any of the above-mentioned causes occur after the expiration of the contract period, no liquidated damages shall accrue for a period equivalent to such delay.”
Each of said contracts also contained a clause providing for liquidated damages for failure by the contractor to deliver the machinery within the contract period. Neither of these contracts was completed within the specified time. Plaintiff made application under each of the contracts for an extension of time, the application setting forth that plaintiff had been delayed by unforeseen causes beyond its control, consisting of the then existing railroad strikes, coal strike, embargoes, and the resultant effect upon the manufacturing market. After a full investigation defendant’s engineer-in-charge approved the application in each case, and the action of the engineer was in turn approved by the Director of the Reclamation Service, and by the Secretary of the Interior. Thereupon final settlement was made by which the Government paid plaintiff under each of said contracts the full contract price, with no deductions whatever for liquidated damages, and plaintiff signed a full release of all cla,ims against the Government under the contracts.^
The question for determination is whether or not the Comptroller General had authority to deduct from the guaranty deposit the sum mentioned as liquidated damages growing out of the former contracts.
In accordance with the express provision of each contract the full amount of the contract price was payable “ when all the material shall have been received at its destination * * * and the terms of the contract shall have been fully complied w,ith to the satisfaction of the engineer, and a release of all claims against the United States under *504 or by virtue of the contract shall have been executed by the contractor and fifed with the engineer.” The terms of the contract were complied with “ to the satisfaction of the engineer,” a release of all claims against the United States was executed by the contractor, and the full amount of the contract price was paid. In the absence of fraud or mistake, or of lack of authority on the part of the engineer, or other governmental agents concerned ,in the transaction, both the Government and the plaintiff were bound by the final settlement. Plaintiff is entitled to recover the amount sued for, and it is so ordered.
Geaham:, Judge-; Booth, Judge; and Campbell, Chief Justice, concur.